09-2965-cr
United States v. Levy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand ten.

PRESENT:  REENA RAGGI,
     GERARD E. LYNCH,
       *Circuit Judges*,
     NICHOLAS G. GARAUFIS,
       *District Judge*.[*]

----------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
          *Appellee*,


      v.             No. 09-2965-cr


STEPHEN MICHAEL LEVY, also known as
Reallybad@aol.com, also known as Steve Levy,
        *Defendant-Appellant*.

----------------------------------------------------------------------------------

APPEARING FOR APPELLANT:   AVROM ROBIN (Ira D. London, Meredith S. Heller, *on the brief*), Law Offices of London & Robin, New York, New York.

APPEARING FOR APPELLEE:   ADAM S. HICKEY, Assistant United States

---

[*] District Judge Nicholas G. Garaufis of the United States District Court for the Eastern District of New York, sitting by designation.

Attorney (Michael D. Maimin, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 9, 2009, is AFFIRMED.

Defendant Stephen Michael Levy was convicted, after a jury trial, of both producing and distributing child pornography. See 18 U.S.C. §§ 2251(a), 2252A(a)(1). Sentenced principally to 360 months' imprisonment, Levy here challenges (1) the sufficiency of evidence supporting conviction on the production count;[1] (2) the government's reliance on a blurry image to support conviction; and (3) the reasonableness of his sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Sufficiency Challenge

Levy contends that the evidence was insufficient to convict him of producing child pornography because it could not establish beyond a reasonable doubt that he used his cellular phone to photograph "a live visual depiction" of child sexual conduct, 18 U.S.C.

---

[1] Levy does not challenge his conviction for distributing child pornography.

2

§ 2251(a), rather than to photograph an image on his computer screen produced by someone else, as he testified.

"A defendant raising a sufficiency challenge . . . bears a heavy burden because a reviewing court must consider the evidence 'in the light most favorable to the prosecution' and uphold the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Aguilar, 585 F.3d 652, 656 (2d Cir. 2009) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in Jackson)). In an effort to carry his burden, Levy points to two isolated pieces of testimony: (1) the government's cellular phone expert was unable to rule out that the charged photographs were taken of a computer screen, and (2) the victim's mother could not, with certainty, identify the images as depictions of her five-year-old daughter.[2]

Levy's argument merits little discussion in light of the compelling evidence against him, including – but not limited to – his own admissions. In an online chat with an NYPD detective posing as a pedophile, Levy detailed how, on the night of June 9, when the mother of a five-year-old child "passed out" from wine coolers that Levy had purchased "to get [her] drunk," Levy was left alone with the victim. June 11, 2007 Chat Tr. at 9. Levy then boasted as to how he molested the child and photographed these actions. Levy expressed annoyance at not being able to perform all the actions he wanted to photograph: he explained that he had

_____

[2] This is hardly surprising given that the photographs focus on the girl's genitals.

3

only limited time alone with the child before the boyfriend of the mother returned downstairs and, therefore, "took 3 pics really fast." Id. The pictures on the basis of which he was convicted are entirely consistent with his account of what he did and with what such photographs would look like.

Levy's online confession is further corroborated by the testimony of the victim's mother and her boyfriend that, on the night of June 9, 2007, he was alone with the victim for several minutes, during which time he used his cellular phone camera to take three photographs of her engaged in sexual conduct with him. For example, the victim's mother and her boyfriend testified – and bank records and a cell tower analysis corroborated – that at 11:30 p.m., the time the photographs were taken, Levy was not at his home in Maryland, but rather was visiting their family in Virginia. The same two witnesses testified that, for several minutes during that night, Levy was alone with the victim, who was asleep on the living room couch, while the rest of the victim's family was upstairs.

Viewing the evidence in the light most favorable to the government and crediting all inferences that could be drawn in its favor, we conclude that a reasonable jury certainly could have found that Levy produced "a live visual depiction" of sexually explicit activity involving a child victim and, thus, was guilty of production in violation of 18 U.S.C. § 2251(a).

4

2.    Blurry Image Challenge

Levy submits that the jury should not have been permitted to consider Government Exhibit 6 ("GX6"),[3] his self-described "blurry" image that was indiscernible save for Levy's online statement that he attempted to photograph the victim's hand on his penis. Since Levy did not object to the admission of these photographs, our review is for plain error, see United States v. Edwards, 342 F.3d 168, 179 (2d Cir. 2003), and we identify none here because, as one of three photographs Levy admitted taking of the victim, GX6 was plainly relevant and not unduly prejudicial.

Levy nonetheless submits that the jury should not have been permitted to find "lascivious exhibition," 18 U.S.C. § 2256(2)(A)(v), based on the blurry photograph. Levy cites no authority suggesting that the district court erred in charging the jury as to the law applicable to the production count. Rather, Levy asserts that the jury must have misunderstood the court's instructions because it returned a guilty verdict on the blurry image. This is more akin to a sufficiency challenge, which we need not pursue as the jury returned a special verdict indicating that it found Levy guilty of producing child pornography based on each of the three charged photographs. Either of the other two photographs all too clearly depicted the live molestation supporting Levy's production conviction. Further, the

_____

[3] The blurry image was also introduced as Government Exhibits 12 and 80.2. Like Levy, we refer to it only as GX6 for clarity.

district court itself vacated the guilty verdict to the extent it was based on GX6. See United States v. Levy, 594 F. Supp. 2d 427, 441-42 (S.D.N.Y. 2009).[4]

### 3. Sentence Challenge

We review Levy's sentence for reasonableness, see Kimbrough v. United States, 552 U.S. 85, 90-91 (2007), "a particularly deferential form of abuse-of-discretion review," United States v. Cavera, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (en banc).

### a. Procedural Error

Levy asserts that procedural error in his Guidelines calculation renders his sentence unreasonable. See United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008) (noting that improper Guidelines calculation is procedural error). Specifically, he faults the district court's application of a two-level obstruction enhancement based on findings that Levy (1) committed perjury by testifying falsely that he was not in Virginia when the charged photographs were taken, that he did not engage in the molestation depicted in the photographs, and that he was himself molested as a child; and (2) coached his brother to lie that Levy was sexually abused as a child. See U.S.S.G. § 3C1.1.

---

[4] Because the government has not cross-appealed from the district court's partial vacatur of the jury verdict, we have no occasion to decide whether a blurry image can support a conviction for producing child pornography when, as in this case, other evidence indicates that defendant intended to produce a visual depiction of sexually explicit conduct. Cf. United States v. Buculei, 262 F.3d 322, 328 (4th Cir. 2001) (holding that § 2251(a) crime "was complete when [defendant] induced [victim] into sexually explicit conduct for the purpose of producing a visual depiction thereof").

First, Levy contends that the enhancement was unwarranted because any intentional false testimony regarding his childhood abuse was not material to the present charges. See United States v. Salim, 549 F.3d 67, 73 (2d Cir. 2008). Whether or not false testimony regarding Levy's childhood abuse was material, false testimony insisting that the photographs were taken at Levy's home in Maryland and denying participation in the depicted molestation certainly was material. See id. (discussing materiality standard); U.S.S.G. § 3C1.1 cmt. n.6 (defining "material" evidence as any "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination").

Second, Levy argues that his "phone conversation with his brother was hardly conclusive proof that he encouraged his brother to lie for him." Appellant's Br. at 34. This argument misperceives the standard of proof required for a Guidelines enhancement: preponderance of the evidence. See United States v. Khedr, 343 F.3d 96, 102 (2d Cir. 2003); United States v. Ben-Shimon, 249 F.3d 98, 102 (2d Cir. 2001). Thus, even if, as the district court suggested, reasonable minds might disagree as to Levy's obstructive intent in speaking with his brother, we will identify error only if no reasonable sentencing judge could have found it more likely than not that Levy was attempting to suborn perjury. See United States v. Agudelo, 414 F.3d 345, 348 (2d Cir. 2005) (accepting sentencing judge's findings of fact unless clearly erroneous); cf. DeCarlo v. Fry, 141 F.3d 56, 62 (2d Cir. 1998) (holding that jury verdict must be upheld unless no reasonable factfinder could reach conclusion).

7

Because the record does not compel that conclusion and adequately supports a finding of obstructive intent, we must respect the inference drawn by the district court. See generally Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Finally, Levy submits that the district court's imposition of a Guidelines sentence indicates procedural error in failing adequately to consider other sentencing factors.[5] We presume that a sentencing judge understood his discretion under United States v. Booker, 543 U.S. 220 (2005), and faithfully discharged his duty to consider the 18 U.S.C. § 3553(a) factors, see United States v. Legros, 529 F.3d 470, 478 (2d Cir. 2008); see also United States v. Keller, 539 F.3d 97, 101 (2d Cir. 2008) (disavowing "formulaic requirements" or "robotic incantations" to discharge § 3553(a) duty). The record in this case provides no reason to question these presumptions.

Accordingly, we identify no procedural unreasonableness in Levy's sentence.

---

[5] Levy incorrectly asserts that he was sentenced at the top of the appropriate Guidelines range. To the contrary, accounting for the fifty-year statutory maximum, the district court calculated the applicable Guidelines range to be 360 to 600 months' imprisonment (rather than 360 months' to life imprisonment), and imposed a sentence of 360 months, the bottom of that range.

8

b.       Substantive Reasonableness

Levy urges us to conclude that his sentence is substantively unreasonable based largely on general criticism of the severe Guidelines applicable to child pornography offenses.   In reviewing a sentence for substantive reasonableness, we note that "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," and we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 188-89 (emphasis in original) (internal quotation marks omitted).  "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, 552 U.S. 38, 51 (2007).  Further, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006); accord Rita v. United States, 551 U.S. 338, 347 (2007).  With these principles in mind, we cannot conclude that Levy's sentence is substantively unreasonable.

We recognize that this court recently expressed concern regarding the substantive reasonableness of a child pornography sentence. See United States v. Dorvee, 604 F.3d 84 (2d Cir. 2010).  This case does not present the same issues, specifically whether the defendant was likely sexually to assault a child. See id. at 94.  Here, Levy actually molested

9

a five-year-old girl, bragged about his conduct online, and thereafter not only failed to accept responsibility, but lied under oath about his culpability. In these circumstances, the challenged sentence falls within the wide range available to the district court to address the factors specified in 18 U.S.C. § 3553(a), particularly the seriousness of the crime and the need for deterrence. See United States v. Cavera, 550 F.3d at 188-89; United States v. Jones, 531 F.3d at 181-82. We have no occasion to second guess the substantive reasonableness of the district court's sentencing choice within this range, particularly where informed, as here, by insight gained through a full trial. See generally Gall v. United States, 552 U.S. at 51-52 (discussing institutional advantages of district court); accord United States v. Jones, 531 F.3d at 170-71.

We have considered Levy's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court