# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2011

No. 10-30039

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

COLUMBUS MOORE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CR-14-1

Before GARZA, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Columbus J. Moore ("Moore") of receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B). Moore appeals the conviction, arguing that the government failed to prove the jurisdictional element of the crime and that the district court made reversible errors with the admission of certain evidence and jury instructions. For reasons discussed below, we AFFIRM the district court and uphold Moore's conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30039

I

Troopers with the Louisiana State Police arrested Moore in November 2008 during an undercover investigation of individuals who shared child pornography via LimeWire, a peer-to-peer network.[1]   As part of the investigation, Trooper Chad Gremillion obtained information that a LimeWire account registered to Moore had downloaded or shared child pornography. Gremillion obtained a search warrant for Moore's home and when Gremillion and two other troopers arrived at the residence, Moore allowed the officers to enter the house.  The troopers separated Moore from his wife and children, and asked Moore's wife to leave the home with the children.

The troopers searched the home and advised Moore, verbally and in writing, of his *Miranda* rights.  Moore waived his rights and the troopers interviewed Moore.  Initially, Moore denied that child pornography was on the computer.  When Moore finally acknowledged that the child pornography was on the machine, he claimed that other family members had downloaded the files. Eventually, Moore confessed to downloading the images. The search revealed that Moore had downloaded twenty-five child pornography movies.  All the files were downloaded from the Internet.  Specifically, Moore had obtained them using LimeWire, which share files via the Internet.

Before trial, the government notified Moore that prosecutors would call his stepdaughter as a witness. The government wanted the girl to testify about two incidents in which Moore had molested her when she was twelve.  Moore moved to suppress the testimony.  The district court ruled that the evidence was admissible under Rules 414 and 403 of the Federal Rules of Evidence and overruled the motion in limine.  At trial, after the girl had testified, the court issued limiting instructions to jurors that explained Moore had not been charged

---

[1]  A peer-to-peer network is a file-sharing system in which Internet users share files with other users on a specific network.

No. 10-30039

with the crime of molestation.  The court instructed the jurors to consider the testimony for the limited purpose of determining Moore's propensity to download child pornography and whether he was correctly charged.

The jury convicted Moore on one count of knowingly receiving child pornography transported in interstate commerce, a violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of images of child pornography transported in interstate commerce, a violation of 18 U.S.C. § 2252A(a)(5)(B). Before sentencing, Moore objected to the pre-sentence report's recommendation that the trial court should enhance his criminal history category for a theft charge that he pled guilty to in Louisiana state court.  The state criminal record did not contain sentencing information and Moore argued that this meant the conviction was not final.  The district court relied on the state conviction, nonetheless, and enhanced Moore's criminal history category by one level.  With a criminal history category of IV and an offense level of 37, Moore's guidelines sentencing range was 292 to 365 months.  The court sentenced Moore to the statutory maximum term for each count—240 months for the receiving charge and 120 months for the possession charge—and ordered that the terms be served concurrently.

Moore appealed his conviction and sentence, challenging the sufficiency of the evidence presented at trial, several of the district court's evidentiary decisions, and the trial court's calculation of his criminal history score.

II

A

We review the district court's denial of a motion for judgment of acquittal de novo and we will affirm the jury's verdict if "'a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support

the verdict.'" *United States v. York*, 600 F.3d 347, 352 (5th Cir. 2010) (quoting *United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003)).  A review of evidence for sufficiency "'does not include a review of the weight of the evidence or of the credibility of the witnesses.'"  *Id.*

Moore argues generally that the district court erred by denying his motion for judgment of acquittal because prosecutors failed to prove that the downloaded child pornography had crossed state lines.  Specifically, Moore first alleges that the district court erred when it relied on *United States v. Runyan*, 290 F.3d 223 (5th Cir. 2002), to conclude that mere use of the Internet to download images satisfied the jurisdictional elements of the crimes.

We have held that transmission of photographs via the Internet "is tantamount to moving photographs across state lines" and constitutes transportation via interstate commerce.  *Runyan*, 290 F.3d at 239; *see also United States v. Venson*, 82 F. App'x 330 (5th Cir. 2003) ("The evidence indicating that Venson took these images from the internet provided the jury with sufficient evidence to find that [the images] moved in interstate commerce."); *see also United States v. Hilton*, 257 F.3d 50, 54 (1st Cir. 2001).  The government must make a specific connection between the Internet and the images in question to satisfy the interstate commerce requirement.  *Runyan*, 290 F.3d at 242.  But, circumstantial evidence, such as a website address linking the image to the Internet, will suffice to make that connection.  *Id.* (citing *United States v. Henriques*, 234 F.3d 263, 267 (5th Cir. 2000)).

Moore argues next that instead of relying on *Runyan* and *Venson*, the trial court should have relied on *United States v. Schaefer*, which held that to satisfy the interstate commerce element of § 2252A, the government must prove that each image had moved across state lines.  501 F.3d 1197, 1203–05 (10th Cir. 2007).  In *Schaefer*, proof of Internet usage alone was insufficient to prove the jurisdictional element.  *Id.* at 1198.  Moore's argument fails because we have

No. 10-30039

consistently rejected the analysis used in *Schaefer*. *See Runyan*, 290 F.3d at 239.

Moore also asserts that the government failed to prove the photos were transported in interstate commerce because LimeWire does not have a central server for the transmission or storing of files. According to Moore, this lack of a central server means the government could not prove the images were transmitted across state lines. Moore's argument is without merit because we do not require proof of Internet transmission across state lines. *See Runyan*, 290 F.3d at 242. Rather, we have held that the mere transmission of images via the Internet is "'tantamount to moving photographs across state lines and thus constitutes transport in interstate commerce.'" *Id*. at 239 (quoting *United States v. Carroll*, 105 F.3d 740, 742 (1st Cir. 1997)). Trooper Gremillion testified that the images located on Moore's computer were downloaded using LimeWire and that to download files from LimeWire an individual must use the Internet. Given this evidence, a reasonable trier of fact could conclude that the prosecution had established the jurisdictional element of the crime beyond a reasonable doubt.

Finally, Moore challenges the district court's jury instruction about the crime's jurisdictional element. The district court's instruction for this element directly quoted our holding in *Runyan*. Thus, the district court did not abuse its discretion by issuing this jury instruction, which accurately interpreted and applied binding precedent.

B

We evaluate the district court's decision to admit or exclude evidence under an abuse of discretion standard. *United States v. Guidry*, 456 F.3d 493, 501 (5th Cir. 2006). We consider a district court's decision under Rule 403 of the Federal Rules of Evidence for an abuse of discretion with "an especially high level of deference to the district court, with reversal called for only rarely and

only when there has been a clear abuse of discretion." *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008) (internal quotations omitted).

Moore argues that the district court erred by admitting evidence of the uncharged conduct because under Rule 414, his touching of the girl's clothed buttocks did not constitute "an offense of child molestation." In addition, Moore asserts that the district court should have excluded this evidence under Rule 403, because the testimony was unfairly prejudicial and substantially outweighed its probative value.

Rule 414 states, in pertinent part, that child molestation constitutes "any conduct proscribed by chapter 110 of title 18, United States Code;" or, "contact between any part of the defendant's body or an object and the genitals or anus of a child." FED. R. EVID. 414(d)(2), (3). Moore argues that the "plain meaning of the statute" does not include the "touching of clothed buttocks." Moore, however, offers no authority for his interpretation. Prior to trial, when Moore moved to exclude the testimony, the trial court analyzed the stepdaughter's diary in which she had described what occurred. Under Rule 414(d)(2),[2] the district court then considered 18 U.S.C. § 2244, which prohibits abusive sexual contact, which is defined in 18 U.S.C. § 2246 as the "intentional touching, either directly or through the clothing, of the . . . buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."[3] The court concluded that the testimony was admissible because it described acts outlawed in §§ 2244 and 2246, which qualify the act as an offense of child molestation under Rule 414(d)(2). The record shows that the district court considered the stepdaughter's allegations and correctly determined that

---

[2] Evidence of similar crimes in child molestation cases is admissible if the "offense of child molestation means a crime under Federal law . . . that involved any conduct proscribed by chapter 110 of title 18, United States Code." FED. R. EVID. 414(d)(2).

[3] Sections 2244 and 2246 are both within chapter 110 of Title 18 of the U.S.C.

they fell within the statutory definition of "child molestation." Furthermore, the context of Moore entering the bedroom at night to touch the girl's clothed buttocks distinguished this situation from one in which the touching could have been inadvertent or accidental. Thus, the district court did not abuse its discretion.

In cases involving the molestation of children, Rule 414 permits the admission of evidence of other acts constituting child molestation when this evidence has "bearing on any matter to which it is relevant." FED. R. EVID. 414(a). The relevant evidence, however, "may be excluded if [the evidence's] probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. Moore asserts that the district court erred by concluding that the testimony's probative value outweighed the danger of unfair prejudice. In cases such as this, we have held that evidence of other sexual offenses committed by the defendant does not need to be similar in every respect to the charged offense. Rather, the evidence only needs to be probative as to some element of the charged offense. *Dillon*, 532 F.3d at 389; *see also United States v. Caldwell*, 586 F.3d 338, 345–46 (5th Cir. 2009) (holding that trial court did not abuse its discretion by allowing the jury to see excerpt of bestiality video from defendant's computer when defendant had argued he had not known the video was on his computer); *United States v. Goff*, 155 F. App'x 774, 776 (5th Cir. 2005) (upholding admission of testimony about defendant's possession of "Barely Legal" pornography magazine because testimony demonstrated defendant's "knowing interest" in child pornography).

Here, the government sought to prove Moore's sexual interest in children with the testimony and diary excerpts of his stepdaughter, who alleged that Moore had molested her when she was twelve. The record demonstrates that the district court considered whether the probative value of the evidence was substantially outweighed by an unfairly prejudicial effect. First, the court

considered the testimony and concluded that the allegations could help jurors determine whether Moore was correctly charged with child pornography offenses. Then, the court considered the prejudice that could arise from the stepdaughter's testimony. The court concluded that the prejudicial effect was limited because of the similarities between the alleged molestation and the downloading of child pornography: both acts involved similar mental states. In addition, the court considered whether the proposed testimony was graphic or extensive and concluded that the testimony was neither. Additionally, the court noted that the testimony would be subject to cross-examination and Moore could present rebuttal witnesses. Based on this evidence, we hold that the trial court did not abuse its discretion.

On appeal, for the first time, Moore argues that he was unfairly prejudiced by the district court's admission of his stepdaughter's testimony. Moore asserts that the acts described in the testimony did not correspond to the allegations of molestation made by the Government during opening statements. At trial, however, Moore did not object to his stepdaughter's testimony or the Government's opening statement. Rather, after his stepdaughter testified, Moore objected to the Government's desire to admit a redacted copy of his stepdaughter's diary as evidence. In addition, Moore failed move for a mistrial on the basis of the Government's opening statements. Therefore, we decline to reach Moore's assertions about this matter because he did not properly preserve this issue for appeal.[4]

---

[4] Furthermore, we will not address Moore's argument on this issue because his brief fails to cite to legal authority. *Alameda Films SA de CV v. Authors Rights Restoration Corp., Inc.*, 331 F.3d 472, 483 & n.34 (5th Cir. 2003).

Moore also contends that the district court erred by issuing flawed jury instructions about his stepdaughter's testimony and that the district court should not have permitted the girl to testify "wrapped in a blanket." We decline to reach the merits of these assertions because, like his assertion about his stepdaughter's testimony, Moore's briefing lacks citations to any legal authority for these issues. *Id.* at 483 & n.34.

No. 10-30039

C

Moore also contests the validity of his confession. We review this type of challenge by conducting a de novo review of the defendant's *Miranda* rights waiver, considering the voluntariness of the statement under the totality of the circumstances that surround the confession. *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005). We consider the district court's finding of facts under a clearly erroneous standard. *Id.* at 293. Under this standard, if the record "supports more than one permissible interpretation of the facts," we "accept the district court's choice between them, absence clear error." *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005); *see also United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005). Here, because the district court based its decision on the magistrate's report and recommendation, we defer to that court's "acceptance of the magistrate judge's credibility recommendations, based on his having heard live testimony." *Gibbs*, 421 F.3d at 357

Moore argues that the district court erred by failing to suppress his confession because the statement was not voluntary. The district court adopted the magistrate's report, which relied on the testimony of three Louisiana troopers to conclude that Moore's confession was voluntary. The magistrate's report and recommendation detailed how all three troopers offered similar testimony about Moore's interrogation and confession. The troopers all testified that they had advised Moore of his *Miranda* rights verbally and in writing. And, the troopers stated that Moore had waived his *Miranda* rights before he answered questions and signed a written confession. Moore, on the other hand, testified that he had confessed because the troopers sought to arrest Moore's wife and give his children to social services. Although the troopers' accounts of events contained slight differences, none of the troopers recalled hearing threats to Moore about his wife or children. Based on the record, it does not appear that the magistrate committed any obvious errors in his credibility assessment, nor

does the evidence permit for a different interpretation of the testimony. Therefore, the district court did not err by concluding that testimony failed to show Moore's confession was coerced.

D

Moore argues that the district court erred in calculating his criminal history category because that court considered Moore's state theft conviction, which did not contain sentencing information. When a defendant preserves his objection to the district court's Sentencing Guidelines interpretation, we consider whether the district court committed significant procedural errors. *Gall v. United States*, 552 U.S. 38, 51 (2078). "A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (internal quotations omitted). If no procedural error has occurred, or if a procedural error was harmless, we then consider the sentence for substantive reasonableness. *Id.*

Moore only contests a procedural aspect of his sentencing, arguing that the district court erred by relying on Moore's theft conviction, which did not contain sentencing information, to enhance his criminal history category.[5] The district court adopted the conclusion of the pre-sentence investigation report and determined that under the Guidelines, Moore had a total offense level of 37 and a criminal history category of IV. This meant Moore had a term of imprisonment range of 292 to 365 months under the Sentencing Guidelines. If the district court had not relied on the contested conviction, Moore's criminal history category would have been III and his imprisonment term would have been 262 to 327 months. But, the district court did not sentence Moore within the Guideline's range for category III or IV. Instead, the court imposed the statutory

---

[5] The conviction stems from Moore's 1998 guilty plea to a theft charge for an offense committed in Red River Parish, Louisiana.

No. 10-30039

maximum sentence for each charge pursuant to U.S.S.G. § 5G1.1(a), which states that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." Moore's argument fails because the district court did not rely on Moore's criminal history category to impose a sentence. Furthermore, even if the district court had procedurally erred, such an error was harmless because Moore's sentence is below the Guideline's range for either criminal history category.

III

For the foregoing reasons, we AFFIRM the judgment of the district court in all respects.