**UNITED STATES of America,
Plaintiff,**

v.

**Terry M. DICKINSON, Defendant.**

**No. 10–CR–06182 EAW.**

United States District Court,
W.D. New York.

Signed April 28, 2014.

Craig R. Gestring, U.S. Attorney's Office, Rochester, NY, for Plaintiff.

Mark D. Hosken, Federal Public Defender, Rochester, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

Defendant Terry Dickinson ("Defendant") is charged with multiple counts of distribution, receipt, and possession of child pornography allegedly in violation of 18 U.S.C. § 2252A. (Dkt. 75). This case is scheduled for trial to commence on April 28, 2014. On April 8, 2014, the Government served a notice of intent to introduce evidence of Defendant's alleged prior crimes pursuant to Federal Rule of Evidence 414 or, in the alternative, Federal Rule of Evidence 404(b). (Dkt. 81). On April 21, 2014, Defendant submitted a motion *in limine* to exclude the evidence. (Dkt. 88 & 89).[1] The Government supplemented its notice by letters dated April 22, 2014, and April 24, 2014.

In sum, the Government seeks to introduce the following evidence pursuant to Rule 414 or, alternatively, Rule 404(b):

(1) Testimony from Defendant's daughter, born in 1988, that at the age of 16 (i.e. in approximately 2004), she discovered a notebook detailing her father's past sexual experiences including the first time he had sex with a little girl, and that during this same time period she discovered a videotape depicting her father sexually abusing her. The Defendant's daughter will testify that she destroyed the videotape. She will also testify that she recalls being sexually abused by the Defendant from approximately four until nine years of age (i.e. from approximately 1992 until 1997).

(2) Handwritten notes found in a black notebook/binder seized from the Defendant's residence on August 18, 2010, containing various descriptions of sexual abuse of children engaged in by Defendant, including incidents where the abuse was videotaped. The Government has explained that it will authenticate the handwriting in the notebook as belonging to Defendant with his daughter's testimony. According to the Government's statements at a court appearance on April 24, 2014, Defendant's daughter is not able to testify that the notebook that she purportedly observed in 2004 is the same notebook that was seized in August 2010.

(3) Testimony from a witness identified as A.P., who was born in 1986 and who the Government contends was identified by name in the notebook, about an incident when Defendant allegedly fondled her when she was between the ages of seven and nine (i.e. between 1993 and 1995).

After reviewing the proposed evidence, the Federal Rules of Evidence, and the case law addressing the issue, I have concluded as follows:

(1) I will *not* allow the testimony of Defendant's daughter about discovering a notebook or videotape depicting sexual abuse in the 2004 time frame.

---

1. Defendant argues in his motion that introduction of the evidence under Fed.R.Evid. 414 or 404(b) is unconstitutional. (Dkt. 89 at 2–4). Although the Second Circuit Court of Appeals has not expressly addressed the constitutionality of the admission of this type of evidence, other Circuits have held that admitting this type of evidence is constitutional. *United States v. LeMay,* 260 F.3d 1018, 1022 (9th Cir.2001); *United States v. Charley,* 189 F.3d 1251, 1259 (10th Cir.1999). In the absence of controlling Second Circuit case law to the contrary, the Court finds these cases persuasive and applicable to the instant matter. *See Polanco v. Hopkins,* No. 03–CV–6661–CJS(F), 2007 WL 914023, at *5–6, 2007 U.S. Dist. LEXIS 20956, at *14–18 (W.D.N.Y. Mar. 23, 2007) (applying sister circuit analysis in absence of Second Circuit case law on point).

(2) I will *not* allow the testimony of Defendant's daughter that she was sexually abused by her father from approximately 1992 through 1997.

(3) I will allow admission upon proper authentication of 15 pages of the notebook seized in August 2010. Specifically, the pages marked with Bates numbers 1–9, 11–14, and 16–17 in the document designated as Government Exhibit 1 will be admitted upon proper authentication, but the remaining 21 pages (designated with Bates numbers 10, 15, and 18–36) are excluded.

(4) I will *not* allow the testimony of the witness identified as A.P. about being sexually abused on one particular occasion by Defendant between 1993 and 1995.

My reasons for this decision are set forth below.

### *LEGAL ANALYSIS*

The Federal Rules of Evidence generally prohibit the admission of "propensity" evidence. Fed.R.Evid. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). However, pursuant to Rule 414, an exception exists for "child molestation" cases:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

■ "Child molestation" is broadly defined under Rule 414. *See United States v. Donaldson,* No. 09–CR–321, 2012 WL 2317343, at *3, 2012 U.S. Dist. LEXIS 84295, at *7 (W.D.N.Y. June 18, 2012) ("The vast majority of federal courts, including the Second Circuit, have recognized the broad and inclusive nature of Rule ... 414."). "Child molestation" under Rule 414 includes the distribution, receipt, and possession of child pornography. Fed.R.Evid. 414(d)(2)(B). The Government's proposed evidence, ranging from testimony of Defendant's prior sexual abuse and his alleged writings about it, all falls within the scope of admissible evidence under Rule 414. In other words, the evidence is relevant pursuant to Rule 414 to show that Defendant engaged in acts of "child molestation" previously and therefore, he is guilty of the charged acts of distribution, receipt and possession of child pornography. *See United States v. Levy,* 594 F.Supp.2d 427, 439 (S.D.N.Y. 2009) ("in child molestation cases, evidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a propensity to commit, or a disposition of character that makes it more likely that he did commit, the act of child molestation charged in the instant case."), *aff'd,* 385 Fed.Appx. 20 (2d Cir. 2012).[2]

---

**2.** The Government also argues that the evidence is admissible pursuant to Fed.R.Evid. 404(b)(2) (providing that evidence of a crime, wrong or other act is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). The Government contends that the evidence it has noticed is relevant to prove Defendant's identity and state of mind. In other words, according to the Government, Defendant's alleged prior sexual abuse of his daughter, sexual abuse of A.P., and sexual abuse of children and videotaping of the same as detailed in handwritten notes, is relevant to show that it was Defendant who was using the computer(s) to knowingly download, distribute, and possess child pornography, and not some other individual. Because the evidence is relevant pursuant to Fed.R.Evid. 414, it is not necessary for the Court to determine at this stage of the proceedings whether the evidence would also be

■ However, even if admissible under Rule 414, a court must still consider the balancing test of Rule 403 to determine whether the evidence's "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See United States v. Larson,* 112 F.3d 600, 604–05 (2d Cir.1997); *United States v. Davis,* 624 F.3d 508, 512 (2d Cir.2010). As a result, the evidence will be admitted only if its probative value outweighs the danger of unfair prejudice.

■ Importantly, in cases involving allegations of child molestation, including those charging possession, distribution and receipt of child pornography, "the presumption is that the probative value of the propensity evidence is not outweighed by the risk of unfair prejudice." *Levy,* 594 F.Supp.2d at 439. The test is not whether the evidence is "highly prejudicial" but rather whether it is "unfairly prejudicial." *Id.* at 440 n. 6 (" 'Unfair prejudice'... means an undue tendency to suggest decision on an improper basis commonly, though not necessarily, an emotional one." (quoting Advisory Committee's Notes on Rule 403)).

■ Here, I conclude that the proposed testimony of Defendant's daughter that she was sexually abused by Defendant and that she discovered (and subsequently destroyed) a videotape depicting this sexual abuse would be unfairly prejudicial.[3] Defendant is charged with possession, receipt and distribution of child pornography. Both Congress and the Second Circuit have recognized the causal link between possession of child pornography and the commission of child molestation crimes. *See United States v. Brand,* 467 F.3d 179, 198–99 (2d Cir.2006). Yet, the prior alleged sexual abuse of Defendant's daughter and the current charges are different in many respects. Moreover, the proposed testimony from Defendant's daughter concerning her own sexual abuse would be unduly inflammatory, especially considering that it involves "the separate and equally serious stigma associated with incest or the possibility that a jury might hear such allegations and decide to convict Defendant of completely unrelated offenses solely on the basis of that stigma." *United States v. Bunty,* 617 F.Supp.2d 359, 376 (E.D.Pa.2008); *see also United States v. Fawbush,* 634 F.3d 420, 423 (8th Cir.2011) ("We believe the evidence that [Defendant] had sexually abused his

admissible under Fed.R.Evid. 404(b). *See Levy,* 594 F.Supp.2d at 439 (citing *United States v. Castillo,* 140 F.3d 874, 879 (10th Cir.1998) for the principle that Rule 414 supersedes Rule 404(b) in child molestation cases).

3. The Government also seeks to introduce testimony from Defendant's daughter that approximately ten years ago, she discovered a notebook detailing Defendant's past sexual experiences, including a description of the first time he had sex with a little girl. However, Defendant's daughter apparently is unable to testify that the notebook she discovered is the same as the notebook marked as Government's Exhibit 1. As a result, Defendant's daughter's testimony that she found a note-

book detailing Defendant's past sexual experiences is unreliable and cumulative. It is unreliable because neither of the parties is in possession of the notebook, and Defendant's daughter is not able to testify that the notebook she purportedly observed in 2004 is the same notebook that was seized in August 2010. It is cumulative because the content of the notebook found by the daughter and the notebook seized from Defendant's home on August 18, 2010 are similar. The Government is permitted to offer as evidence certain portions from the notebook found on August 18, 2010. As a result, any testimony by Defendant's daughter about an undisclosed notebook would be unfairly prejudicial.

daughters and had fathered a child with one of them to have been so inflammatory on its face as to divert the jury's attention from the material issues in the trial."). Furthermore, the length of time that has elapsed since the acts involving Defendant's daughter (i.e. approximately 17–22 years) further diminishes its probative value in comparison to its undue prejudice. Indeed, there is a very real risk that, if admitted, the jury would emotionally react to testimony from Defendant's daughter about her own sexual abuse and fail to focus on the underlying charges of child pornography in this case. As a result, on balance, given the inflammatory nature of the claimed incest, the differences between the prior alleged conduct and the underlying charges, and the lapse of time, I will exclude this evidence as unfairly prejudicial under Rule 403.

██ Similarly, the probative value of the proposed testimony from A.P. does not outweigh the danger of unfair prejudice if it is admitted. The witness apparently will only be able to testify concerning one incident that occurred approximately 19 to 21 years ago. Although Congress intended the temporal scope of Rule 414 to be broad, *Larson,* 112 F.3d at 605, the alleged incident involving A.P. is distinct in many respects from the underlying charges in this case. Given the remoteness of time, and the fact that A.P. will only be able to testify concerning one incident involving Defendant, I conclude that the probative value of the proposed testimony is outweighed by the danger of unfair prejudice.

██ The handwritten notes contain detailed recitations of prior sexual abuse of young girls purportedly by Defendant, including incidents where he discusses videotaping the sexual abuse (*see* Bates numbers 3, 4 & 13). If authenticated, the handwritten notes constitute evidence of Defendant's propensity to engage in acts

of child molestation and to create and then view videos depicting this conduct. The notes are graphic in nature, and while some of the notes contain dates, other portions of the notes are undated. There is no question that the notes would prejudice Defendant and, even with a limiting instruction, a jury may be influenced by the details contained in the notes when evaluating the evidence related to the underlying charges involving child pornography. However, if authenticated as Defendant's handwriting, the notes would constitute evidence of Defendant's admissions of child molestation, and the creation of videos reflecting the alleged acts. Although not the same, the conduct certainly bears some similarities to the underlying charges, as specifically reflected by Congress' broad definition of "child molestation" under Rule 414. Moreover, given that the proposed evidence was allegedly written by Defendant himself, the temporal proximity between the charged crimes and the alleged incidents discussed in the notes "does not involve the usual concerns as to memory or reliability...." *United States v. O'Connor,* 650 F.3d 839, 853–54 (2d Cir.2011) (finding that trial court did not abuse discretion by admitting defendant's autobiography describing sexual attraction to children and prior acts of sexual abuse, even though events described therein purportedly occurred more than 30 years earlier).

Courts have permitted admission of prior acts evidence of sexual molestation when the charged crime is receipt and possession of child pornography. *See United States v. Woods,* 684 F.3d 1045, 1065 (11th Cir.2012) (Defendant's typed statement describing his molestation of his niece "was probative of [Defendant's] interest in child pornography and therefore made it more likely that [Defendant], and not [others], was responsible for the child

**236**

pornography found on the ... computers."); *United States v. Moore*, 425 Fed. Appx. 347, 352 (5th Cir.2011) (trial court did not abuse its discretion in admitting testimony by Defendant's stepdaughter that he sexually abused her because the court concluded that "the allegations could help jurors determine whether [Defendant] was correctly charged with child pornography offenses" and that "both acts involved similar mental states."). Although evidence of the notebook may be prejudicial, it is not *"unfairly* prejudicial, as this was the conduct that [Defendant] chose to engage in, and this was the evidence that showed ... that [Defendant] had a sexual interest in children and the intent and desire to commit the charged crimes." *Levy*, 594 F.Supp.2d at 440 (emphasis in original). The fact that the evidence, if it comes in, will be in the form of Defendant's own admissions in his own handwriting only further supports this conclusion.

However, not all of the handwritten notes should be admitted. Particularly given their graphic nature, I conclude that admission of all the notes would be unnecessarily cumulative, and if all the notes were admitted, there is a risk that the prejudice to Defendant could be transformed from "highly prejudicial" to "unfairly prejudicial." Moreover, on their face, many of the notes appear to describe events occurring decades earlier. *See* Bates number 10 (describing incident when Defendant was in the eleventh grade); Bates number 15 (describing incident in the "early 70's"); Bates numbers 18–19 (describing incident when Defendant was 10); Bates numbers 20–21 (describing incident in "1971"); Bates numbers 22–26 (describing events in "1978"); Bates numbers 27–28 (describing events in "1973"); Bates numbers 29–30 (describing events when Defendant was 12).

As a result, I will only allow 15 pages of the notes to be admitted into evidence. Specifically, I will allow the admission of the pages marked with Bates numbers 1–9, 11–14, and 16–17 upon proper authentication, because the notes are relevant pursuant to Rule 414 to the underlying child pornography charges, they contain Defendant's alleged descriptions of prior acts of sexual abuse and the creation of videotapes reflecting these acts, and on their face those pages of the notes do not appear too remote in time (*see, e.g.*, Bates number 16 (dated May 7, 2003)).

### CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* is granted in part and denied in part.

SO ORDERED.