# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2010

No. 09-40530

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

RICARDO MORALES-SANCHEZ,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PRADO, Circuit Judge:

Ricardo Morales-Sanchez appeals the district court's imposition of a two-level sentence enhancement for obstruction of justice pursuant to United States Sentencing Guideline ("USSG") §3C1.1. The district court applied the enhancement after finding that Morales-Sanchez, while in a police car, made a phone call asking another individual to report as stolen the car in which police apprehended him. The district court construed the call as an attempt to distance his co-conspirators from his arrest, and found that this attempt warranted the enhancement.

No. 09-40530

On appeal, Morales-Sanchez argues that, because his allegedly obstructive conduct occurred contemporaneously with his arrest, the Guidelines require that his conduct result in a "material hindrance to the official investigation or prosecution of" his instant offense or sentencing.  USSG §3C1.1 cmt. n.4(d). Morales-Sanchez asserts that the Government has failed to prove that his conduct did so.  We agree, and thus vacate his sentence and remand for re-sentencing.

## I.  FACTUAL AND PROCEDURAL HISTORY

In late November 2007, La Joya, Texas police officers observed a red Chevrolet pickup truck with unauthorized tint, and initiated a traffic stop.  The truck pulled over momentarily, but sped off as officers approached.  Morales-Sanchez, the driver of the truck, eventually exited the vehicle and attempted to escape on foot.  Officers apprehended Morales-Sanchez, who resisted and struck one of them.   After securing Morales-Sanchez, officers discovered seven undocumented illegal aliens in the bed of the truck.

After officers handcuffed Morales-Sanchez and placed him in the back of a patrol car, Morales-Sanchez called an individual named "Victor" on his cell phone, reported to Victor that police had arrested him with illegal aliens, and asked Victor to report the pickup truck as stolen.[1]   The McAllen Police Department later received a report that someone had stolen the red pickup truck driven by Morales-Sanchez. Police eventually determined that Morales-Sanchez himself was an illegal alien.

A federal grand jury charged Morales-Sanchez with being unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326. After pleading guilty, Morales-Sanchez received a sentence of six months' imprisonment.  That same day, another federal grand jury returned a one-count

---

[1] The record does not reflect why the police allowed Morales-Sanchez to possess a cell phone or make the phone call while in the patrol car.

No. 09-40530

indictment charging Morales-Sanchez with conspiracy to transport an undocumented alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I),-(A)(ii), and-(B)(i). Morales-Sanchez pled guilty to this charge as well and proceeded to sentencing.

The district court ordered a Presentence Report ("PSR"), which recommended a base offense level of twelve. The PSR recommended, among other enhancements, a two-level increase for obstruction of justice based on Morales-Sanchez's phone call, pursuant to USSG §3C1.1. After calculating Morales-Sanchez's total offense level as twenty-six and his Criminal History Category as VI, the PSR recommended a sentence ranging from 120 to 150 months' imprisonment. Morales-Sanchez filed a written objection to the obstruction of justice enhancement, arguing that he made the phone call contemporaneously with his arrest and that the Government had not demonstrated that the call affected the law enforcement investigation. Morales-Sanchez renewed this objection at sentencing, but the district court overruled it.

The district court reduced Morales-Sanchez's Criminal History Category to V and his offense level to twenty-three, and then applied the Federal Sentencing Guidelines, which recommended a sentence between eighty-four and 105 months. After deducting eighteen months from that range to account for the time Morales-Sanchez had already spent in custody for the same incident, the district court sentenced him to sixty-six months' imprisonment. Morales-Sanchez timely appealed the imposition of the obstruction of justice sentence enhancement.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). "We review the district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error." *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). "There is no clear error if the district

3

No. 09-40530

court's finding is plausible in light of the record as a whole." *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008) (citation omitted).

### III.  ANALYSIS

On appeal, the Government does not contest Morales-Sanchez's assertion that he placed the phone call contemporaneously with his arrest.  Morales-Sanchez argues that because the call and his arrest occurred contemporaneously, the Government's failure to demonstrate that the call materially hindered the investigation proves that the district court erred by applying the enhancement.  The Government, in response, argues that Morales-Sanchez's phone call did affect the investigation, and that in any event, Morales-Sanchez's attempt suffices to trigger the enhancement.  In the alternative, the Government argues that if the district court erred, the error was harmless.  We address each argument in turn.

### A.    Obstruction of Justice Sentence Enhancement

The obstruction of justice sentence enhancement reads:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

USSG §3C1.1. The commentary to USSG §3C1.1, however, limits the application of this enhancement:

> [I]f such conduct occurred contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it results in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender.

*Id*. at cmt n.4(d).  "We are bound by the commentary when it interprets or explains a guideline unless it violates the Constitution or a federal statute, or is

4

inconsistent with or a plainly erroneous reading of that guideline." *United States v. Miro*, 29 F.3d 194, 198 (5th Cir. 1994) (citing *Stinson v. United States*, 508 U.S. 36, 42–43 (1993)). Although we have yet to delineate the contours of "material hindrance," we note that it requires, at the least, an actual, negative effect on either the course or result of the investigation.

The district court imposed USSG §3C1.1's two-level enhancement, reasoning that Morales-Sanchez attempted to prevent law enforcement authorities from discovering the involvement of others when he made the phone call from the back of the police car. In its final order, the district court adopted the findings in the PSR, which stated "it appears that the defendant *attempted* to willfully obstruct or impeded the administration of justice with respect to the investigation by directing another person to conceal evidence (file false report) that *could be* material to the official investigation." (emphases added). At no point did the district court find that the phone call actually hindered the investigation. According to USSG §3C1.1 note 4(d), Morales-Sanchez's attempt, standing alone, does not suffice.

On appeal, the Government has not demonstrated how the phone call hindered the law enforcement investigation in any way. At most, the Government describes Morales-Sanchez's attempt as successful because someone did, in fact, report the vehicle as stolen. The fact that someone complied with Morales-Sanchez's request, however, is irrelevant, as it does not appear that the phone call had any actual effect on the investigation. We thus hold that the district court erred by applying USSG §3C1.1's two-level enhancement for obstruction of justice against Morales-Sanchez.[2]

---

[2] Having found that the Morales-Sanchez's phone call did not materially hinder the investigation, we do not address his argument that his actions, if they affected the investigation, did not pertain to his "instant offense." USSG §3C1.1 cmt n.4(d).

No. 09-40530

**B.    Harmless Error**

In the alternative, the Government argues that if the district court erred, the error was harmless because the sentence Morales-Sanchez received falls within the range the Guidelines would have suggested but for the error, and because the district court considered the factors enumerated in 18 U.S.C. § 3553 and found that the sentence it imposed was appropriate.  Although Morales-Sanchez's current sentence (sixty-six months) falls within the range contemplated by the Guidelines without the erroneous obstruction of justice enhancement (fifty-two to sixty-nine months), we have held that "the crux of the harmless-error inquiry is whether the district court *would* have imposed the same sentence, not whether the district court *could* have imposed the same sentence." *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (citing *United States v. Huskey*, 137 F.3d 283, 289–90 (5th Cir. 1998)).  In order to render a sentencing error harmless when the sentence imposed falls within both the erroneously calculated range and the correct range, "[t]he proponent of the sentence 'must point to evidence in the record that will convince us that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error made in arriving at the defendant's guideline range.'" *Id*. (quoting *Huskey*, 137 F.3d at 289).

The Government has failed to demonstrate that the district court's error was harmless.  Although the Government directs us to the district court's application of § 3553, this statute mandates that the district court consider several factors after "*correctly* calculating the applicable Guidelines range" to determine whether the facts of the case warrant a sentence advocated by a party after both have had "an opportunity to argue for whatever sentence they deem appropriate." *Gall v. United States*, 552 U.S. 38, 49–50 (2007) (emphasis added) (discussing application of § 3553(a)).  Here, the district court did not *correctly* calculate the applicable Guidelines range.  Because nothing in the record

6

provides reason to believe that the district court would sentence Morales-Sanchez to the same punishment regardless of the obstruction of justice enhancement, the district court's error was not harmless.

## IV. CONCLUSION

The Government has not demonstrated that Morales-Sanchez's conduct resulted in a material hindrance to the investigation of his offense, and because Morales-Sanchez's allegedly obstructive conduct occurred contemporaneously with his arrest, we find that the district court erred by applying USSG §3C1.1's two-level sentence enhancement. We also find that the district court's error was not harmless. We therefore vacate Morales-Sanchez's sentence and remand for re-sentencing.

VACATED and REMANDED.