PER CURIAM: *
David Elliott Burney (“Burney”) appeals his sentence of eighteen-months imprisonment following the revocation of his supervised release. Because we find that the district court erred in sentencing Burney on the basis of Burney having committed a Grade A violation, we VACATE and REMAND for resentencing.
FACTS
Burney pleaded guilty to possessing stolen mail in 2010. He was sentenced to twelve months and one day in prison and a three-year term of supervised release. His supervised release term began on *738 January 30, 2011. In the first five months following supervised release, he violated several terms of his release, including: (1) admitting or testing positive for use of methamphetamines six times; (2) failing to report for urinalysis twice; (3) failing to report to group counseling five times; (4) being arrested for possession of a controlled substance in violation of Texas law. The district court filed a warrant for Burney’s arrest on June 24, 2011. His supervised release violation report (“SRVR”) indicated that being in possession of a controlled substance was a Grade A violation under U.S.S.G. § 7B1.1(a)(1) and § 7B1.3(a)(1) and therefore required mandatory supervised release revocation and carried a policy statement range of 24-30 months imprisonment. Because Burney’s maximum sentence under the statute was two years imprisonment, his range was limited to twenty-four months.
At his revocation hearing, Burney pleaded true to every allegation except the allegation that he possessed metham-phetamines, a Grade A violation. The government then dismissed this allegation. Despite the fact that Burney no longer warranted a sentence based upon a Grade A violation, the district court adopted the SRVR in full. Defense counsel informed the court that the guideline range should be different from the range given in the SRVR. The district court did not modify its adoption of the SRVR, and proceeded to find that Burney violated, among other conditions, “[s]tandard conditions relating to drug possession,” and “committing another federal, state, or local crime.” The district court further stated that the Grade A violation required revocation. The district court revoked Burney’s release and sentenced him to eighteen months in prison and eighteen months of supervised release. Burney timely appealed.[1]
STANDARD OF REVIEW
Because Burney preserved his error below, we review the district court’s interpretation of the Guidelines de novo, and its findings of fact for clear error. United States v. Evans, 587 F.3d 667, 672 (5th Cir.2009); United States v. Headrick, 963 F.2d 777, 779 (5th Cir.1992). We review sentences imposed on the revocation of a supervised release under a “plainly unreasonable” standard. See United States v. Miller, 634 F.3d 841, 843 (5th Cir.2011).[2]
*739 DISCUSSION
Burney argues that the district court erroneously relied on the SRVR for the purpose of finding Burney responsible for committing a Grade A violation, even after the government dismissed the only charge against Burney that amounted to a Grade A violation.
In reviewing Burney’s sentence revocation under the plainly unreasonable standard, we apply a bifurcated review process. Id.; see also Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (establishing a bifurcated process for reviewing sentences). We first evaluate whether the district court proce: durally erred; if there is no error, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. Miller, 634 F.3d at 843. Significant procedural errors include “failing to calculate (or improperly calculating) the Guidelines range.” Gall, 552 U.S. at 51, 128 S.Ct. 586. We have held that “a district court must always ‘correctly calculate] the applicable Guidelines range’ before imposing a sentence.” United States v. Ibarra-Luna, 628 F.3d 712, 713 (5th Cir.2010) (citing United States v. Morales-Sanchez, 609 F.3d 637, 641-42 (5th Cir.2010)).
At Burney’s sentencing hearing, the district court explicitly and without reservation adopted the SRVR, despite the fact that the SRVR included a factual finding that Burney was responsible for possession of methamphetamine, the only Grade A violation alleged against Burney. The government dismissed that charge at the sentencing hearing. The district court did not modify its adoption of the SRVR, even after the defense reminded the district court that Burney was no longer being held accountable for the possession charge and therefore warranted a different guideline range. The district court then noted that “[t]he Chapter 7 policy statements require that the Court revoke supervision for a Grade A violation.” The government concedes that the district court erred in concluding that Burney committed a Grade A violation. We conclude that the district court clearly erred when it referred to Burney having committed a Grade A violation and when it adopted the SRVR’s finding that Burney committed a Grade A violation.
An error in calculating the policy statement range will be reversed only if the error is found to be harmful. “[A] sentencing error may not be found harmless unless the proponent of the sentence ‘proffer[s] sufficient evidence to convince the appellate court that the district court would have imposed the same sentence, absent the error.’ ” Ibarra-Luna, 628 F.3d at 718 (second alteration in original). The government argues that the error was harmless because the district court imposed a non-Guideline sentence. A sentence need not be vacated based on an incorrect calculation procedural error if “the district court imposes a non-Guideline sentence and that advisory sentence did not directly ‘result’ from any Guideline error.” United States v. Tzep-Mejia, 461 F.3d 522, 526 (5th Cir.2006). However, a below-Guideline or non-Guideline sentence does not necessarily render harmless an *740 improper Guideline calculation. As we explained in Ibarra-Luna:
Even when the district court ultimately decides to impose a sentence outside the Guidelines range, an error in its Guidelines calculation may still taint the non-Guidelines sentence. For instance, the district court might settle upon a particular non-Guidelines sentence ... by starting with the Guidelines range and adding or subtracting a fixed number of years. In such cases it may be clear that the district court’s reasons for rejecting a sentence in the Guidelines range are unaffected by the error, but the error nevertheless is not harmless because the district court would not have imposed the very same sentence.
Id. (emphasis added).
The government has not shown that district court’s erroneous reliance on the Grade A violation did not “taint” the non-guidelines sentence. In addition to adopting the SRVR and referencing the Grade A violation in holding that revocation was mandatory, the district court cited the fact that Burney “incmred a new felony drug arrest in Tarrant County” as a reason for sentencing Burney to an 18-month sentence. We therefore conclude that the sentence directly resulted from the error.
The government also argues that the error was harmless because the court relied on the Grade A violation only in finding that revocation was mandatory, and not in choosing the length of the prison term. To support its position, the government noted that the district court only explicitly referenced the Grade A violation when it found that Burney’s action required revocation. However, this is not evidence that the district court therefore did not rely on that Grade A violation in sentencing Burney. Indeed, the district court did specifically reference “a new felony drug arrest” when sentencing Burney. Moreover, the district court sentenced Burney and determined that revocation was mandatory only after adopting in full the SRVR, which found Burney accountable for a Grade A violation.
The government did not show that the district court would not have given Burney a lower sentence, absent its error. Therefore, it has not shown that the procedural sentencing error was harmless.
CONCLUSION
For the reasons given, we VACATE the sentence and REMAND for resentencing.

 Pursuant to 5th Cir R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Burney raised two issues on appeal. He argued, first, that the district court erroneously relied on his having committed a Grade A violation after the government dismissed that allegation. Burney also argued that his sentence was in plain error because the district court erroneously considered 18 U.S.C. § 3553(a)(2)(A) factors. We do not reach this second issue because we vacate the sentence and remand for resentencing on the basis of Burney’s first argument.

. At his sentencing hearing, when the district court adopted the SRVR, Burney's counsel interjected, objecting that "the guideline range would be different since the criminal violation was dismissed.” The district court acknowledged Burney's objection, saying, "lyles, sir.” When a "defendant has failed to make his objection to the guidelines calculation sufficiently clear, the issue is considered forfeited, and we review only for plain error.” United States v. Chavez-Hernandez, 671 F.3d 494, 497 (5th Cir.2012). "The standard ... shields this court from ruling on issues that have been insufficiently vetted below.” Id. Objections must be raised below to place the district court on notice about potential issues for appeal, and to give the district court an opportunity to "clarif[y] or, if necessary, correct[] itself.” United States v. Hernandez-Martinez, 485 F.3d 270, 272-273 (5th Cir.2007). Therefore, objections that are too vague are reviewed on appeal for plain error because they cannot “alert the court to the legal argument he now presents.” Id. at 272. Burney's objection was not too vague. Although he did not specifically refer to the methamphetamine charge as a Class A violation, he specifically informed the court that *739 the SRVR’s guideline range recommendation should be changed because the government dismissed the criminal violation. Of all Bur-ney’s violations, only possession of methamphetamine resulted in a criminal charge, and it was the only violation that the government dismissed and the only violation that the SRVR identified as being a Class A violation. Moreover, the district court, by saying "yes, sir,” indicated to Burney that it understood the objection. The district court therefore was placed on sufficient notice about this issue as to preserve it for appeal.