# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-51232

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CRUZ ANDRES RAMOS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, OWEN, AND HIGGINSON, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Cruz Andres Ramos pleaded guilty to one count of receipt of material involving the sexual exploitation of children, one count of distribution of material involving the sexual exploitation of children, and two counts of possession of material involving the sexual exploitation of children. The presentence report recommended several enhancements, including a two-level enhancement because Ramos knew or should have known that the victims were vulnerable because they were young and small children who were unable to resist. Ramos objected to the vulnerable-victim enhancement, arguing that it double counted factors already accounted for by age and sadistic-conduct enhancements. The district court overruled Ramos's objection. He appeals the judgment and sentence. For the reasons that follow, we AFFIRM.

No. 11-51232

**I**

In 2010, U.S. Immigration and Customs Enforcement agents in the El Paso, Texas Division initiated an undercover internet operation that revealed an IP address sharing files associated with child pornography.  The IP address was assigned to Appellant Cruz Andres Ramos ("Ramos").  The agents executed a search warrant at Ramos's home and found twelve videos of boys, between approximately eight and sixteen years of age, engaged in sexual conduct or lascivious poses.  In some of the videos, the boys were naked and bound in varying positions.

Ramos was indicted with one count of receipt of material involving the sexual exploitation of children in violation of 18 U.S.C. § 2252(a)(2) ("Count I"), one count of distribution of such material in violation of 18 U.S.C. § 2252(a)(2) ("Count II"), and two counts of possession of such in violation of 18 U.S.C. § 2252(a)(4)(B) ("Counts III and IV").

Ramos pleaded guilty to all counts.  Prior to sentencing, the presentence report ("PSR"), pursuant to U.S.S.G. § 2G2.2(b), recommended a base offense level of 22.  It also recommended, among other enhancements, a two-level enhancement for material involving a prepubescent minor or a minor under the age of 12 years ("age enhancement"), and a four-level enhancement for material portraying sadistic or masochistic conduct or other depictions of violence ("sadistic-conduct enhancement").  Finally, per U.S.S.G. § 3A1.1(b)(1), it recommended a two-level enhancement because Ramos knew or should have known that a victim of the offense was a vulnerable victim ("vulnerable-victim enhancement").   The PSR then recommended a three-level downward adjustment for acceptance of responsibility, leaving a total offense level of 36.  Ramos had no criminal history, so his criminal history category was I, rendering a Guidelines range of 188 to 235 months for all four counts.  But

No. 11-51232

pursuant to U.S.S.G. § 5G1.1(a), the lesser statutory maximum of 120 months for Counts III and IV, the two possession counts, became the Guidelines range for those counts.

Ramos objected to the PSR's application of the vulnerable-victim enhancement, arguing that it was based only on age and sadistic acts and thus double counted factors already accounted for by the age and sadistic-conduct enhancements. The PSR described several videos in which boys between eight and ten years old were tied up by their hands and ankles with thick rope and sitting naked and bound to chairs. The PSR then explained its justification for the vulnerable-victim enhancement: "[S]everal of these images depict sexual abuse and exploitation of young and small children who are unable to resist or object to the abuse or exploit, making them susceptible to abuse and exploitation and thus, vulnerable victims."

At sentencing, Ramos again objected to the application of the vulnerable-victim enhancement. The Government responded that these were young children and very sadistic acts. The district court overruled Ramos's objection and adopted the PSR without change, but granted a downward variance as to Counts I and II, sentencing Ramos to 120 months as to each of the four counts, to be served concurrently.

## II

On appeal, Ramos argues that the district court erred by applying the vulnerable-victim enhancement, as it relied on factors that were already incorporated in the age and sadistic-conduct enhancements, and that the error was not harmless. The Government argues that the district court did not engage in impermissible double counting and, in any event, any error is harmless.

3

No. 11-51232

We doubt that the district court correctly applied the vulnerable-victim enhancement here, where the only factor that made these children particularly vulnerable as compared to other pre-pubescent children—that some images depicted the children bound to chairs with rope—was already accounted for by the sadistic-conduct enhancement. Certainly, there are vulnerabilities that can be unaccounted for by the age enhancement. Recently, in *United States v. Jenkins*,[1] we rejected an interpretation of the Guidelines commentary that would preclude the vulnerable-victim enhancement from ever being applied to account for a vulnerability that is *related to* age. For example, children may be especially vulnerable as compared to other children because they are unable to walk or resist, whether that inability is due to an age-related reason like infancy or another reason like paralysis.[2] Other cases agree that the age enhancement for pre-pubescent children may be too narrow to account for the abuse of infants and toddlers who, being extremely young and small as compared to other children, are thus unusually vulnerable.[3] But in *Jenkins* itself, we explained that that "the inquiry should focus on whether the factor that makes the person a vulnerable victim is incorporated in the offense guideline."[4] Here, where the eight- to ten-year-old victims did not have an age-related vulnerability as compared to other pre-pubescent children, only the bondage left these children more vulnerable than other pre-pubescent

---

[1] 712 F.3d 209, 213 (5th Cir. 2013).

[2] *Id.* at 213-14.

[3] *See, e.g.*, *United States v. Lynn*, 636 F.3d 1127, 1138-39 (9th Cir. 2011) (no impermissible double counting with age enhancement where victims were toddlers and thus particularly young, small, and unable to resist); *United States v. Wright*, 373 F.3d 935, 942-43 (9th Cir. 2004) (same).

[4] 712 F.3d at 214 (internal quotation marks and citation omitted).

No. 11-51232

children—the same sadistic-conduct factor for which Ramos's Guidelines range was already enhanced.

The Government argues that the sadistic-conduct enhancement was broader in that it covered other behavior present in the videos, namely the penetration of some children by adult males, and thus accounted for distinct harms.[5] But *Jenkins* directs that our inquiry focus on "the factor that makes the person a vulnerable victim" and whether this is already "incorporated in the offense guideline."[6] Under the specific facts here, where the sadistic-conduct enhancement already covered the vulnerability of bondage, counting it again in the form of a vulnerable-victim enhancement was impermissible.

But a careful review of the record here demonstrates that any error was harmless. Procedural sentencing errors may be excused as harmless error if two requirements are met: First, "the government must convincingly demonstrate that the district court would have imposed a sentence outside the correct Guidelines range for the same reasons it gave for imposing a sentence outside the miscalculated Guidelines range."[7] Second, the Government "must show that the [sentence] the district court imposed was not influenced in any way by the erroneous Guideline calculation."[8] And a below-Guidelines sentence does not automatically render harmless an improper Guidelines calculation, because the district court may have settled upon its particular non-

---

[5] *See United States v. Lyckman*, 235 F.3d 234, 238-39 (5th Cir. 2000) (Sadistic conduct can include images of adults engaging in intercourse with children because such conduct is "sufficiently painful, coercive, abusive, and degrading to qualify as sadistic or violent.").

[6] 712 F.3d at 214 (internal quotation marks and citation omitted).

[7] *United States v. Ibarra-Luna*, 628 F.3d 712, 718–19 (5th Cir. 2010).

[8] *Id.* at 719.

No. 11-51232

Guidelines sentence by "*subtracting* a fixed number of years."[9]   Here, the Government has met its burden of demonstrating harmless error.

To begin, it is apparent from the record here that the district court would have imposed the same sentence had the Guidelines range been properly calculated.   Assuming that the vulnerable-victim enhancement was not properly applied, then the correct offense level would be 34, with a criminal history category of I.   The Guidelines sentence would then be 151 to 188 months for all counts.   But because the statutory maximum for the two possession counts, Counts III and IV, is 120 months, the Guidelines sentence for those counts would become 120 months.[10]   In pronouncing the sentence, the district court explained:

> Mr. Ramos, based on the information provided, the circumstances of this case, and your particular circumstances, in keeping with the goals of the Sentencing Guidelines, and the factors of 3553(a), the Court will find that a fair and reasonable sentence in your case is a sentence of 120 months of incarceration. I am granting a variance as to Counts I and II, because I believe that the 120 is more than sufficient for you under your history and circumstances, to promote respect for the law, and provide just punishment.

Accordingly, it appears that the district court imposed the 120-month sentence because it was a lower statutory maximum sentence, and therefore the

---

[9] *United States v. Burney*, 485 F. App'x 737, 739-40 (5th Cir. 2012) (quoting *Ibarra-Luna*, 628 F.3d at 718).

[10] *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized sentence shall be the guideline sentence.").

No. 11-51232

Guidelines sentence, with respect to Counts III and IV—and would have been the Guidelines sentence regardless of the application of the vulnerable-victim enhancement—and imposed the same concurrent sentence as to Counts I and II because the district court believed such a sentence to be sufficient given the § 3553(a) factors.  Because it does not appear that the district court calculated downward from improperly calculated Guidelines, the concern raised by *Burney*—that is, improperly calculated Guidelines can infect downward variance sentences—is not at issue in the instant case.

The Government has shown that the improperly calculated Guidelines did not influence the district court.  In explaining the imposed sentence, the district court did not refer to the improperly calculated Guidelines range. Instead, the district court focused on (i) the nature and circumstances of the offense, (ii) the § 3553(a) factors, and (iii) the Guidelines sentence of 120 months, pursuant to the statutory maximum, for Counts III and IV.  In this regard, *United States v. Moore*[11] is apposite.  There, the defendant alleged that the district court committed a procedural error during sentencing by improperly calculating the defendant's criminal history category, which resulted in a Guidelines range of 292 to 365 months, instead of what he contended to be the proper range of 262 to 327 months.[12]  Rather than sentence the defendant within the Guidelines range, the district court, as here, "imposed the statutory maximum sentence for each charge pursuant to U.S.S.G. § 5G1.1(a)[.]"[13]  Accordingly, we held that the defendant's argument failed because "the district court did not rely on [his] criminal history category to

---

[11] 425 F. App'x 347 (5th Cir. 2011).

[12] *Id.* at 354.

[13] *Id.*

impose a sentence."[14]  And "even if the district court had procedurally erred, such an error was harmless because [his] sentence is below the Guideline's range for either criminal history category."[15]  Applying this principle in accordance with the mandates of *Ibarra-Luna*, we conclude on the record here, where the district court imposed a concurrent and correct statutory maximum sentence for Counts III and IV pursuant to § 5G1.1(a) and the § 3553(a) factors, that the sentence imposed was independent of any incorrect Guidelines calculation on Counts I and II.

Accordingly, for these reasons, we hold that any error was harmless and we AFFIRM the district court's sentence.

---

[14] *Id.*
[15] *Id.*