# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11421
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY RYAN NICHOLS, also known as "Buster",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-114-3

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Terry Ryan Nichols appeals the 240-month guideline sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine. He argues that the district court erred by (1) miscalculating his drug quantity for the purpose of his guidelines offense level, (2) denying him a two-level minor-participant reduction pursuant to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11421

U.S.S.G. § 3B1.2(b), and (3) imposing a substantively unreasonable sentence. We affirm.

First, Nichols argues that the district court erred by holding him accountable for a kilogram of methamphetamine transported by his co-conspirators, arguing that he did not personally transport the drugs and was unaware of that particular drug transaction. Even assuming that the district court incorrectly calculated Nichols's drug quantity, however, the Government has demonstrated that any error was harmless and had no effect on the sentence Nichols received. Excluding the disputed kilogram of methamphetamine from Nichols's offense level calculation would not have changed his guidelines range, which would still have been the 240-month statutory maximum pursuant to U.S.S.G. § 5G1.1(a). *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 315 (5th Cir. 2013). Moreover, at sentencing, the district court convincingly explained that it would have imposed the same sentence even if it had erred in calculating the correct guidelines range. "The district judge was firm, plain, and clear in expressing the court's reasoning, and we take him at his word." *United States v. Castro-Alfonso*, 841 F.3d 292, 298–99 (5th Cir. 2016). Accordingly, we are persuaded that any error was harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 717 (5th Cir. 2010); *cf. United States v. Ramos*, 739 F.3d 250, 253–54 (5th Cir. 2014).

Next, we review for clear error the denial of Nichols's request for a two-level minor-participant reduction pursuant to U.S.S.G. § 3B1.2(b). *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). Nichols did not satisfy his burden to show by a preponderance of the evidence either "(1) the culpability of the average participant in the criminal activity" or (2) that he "was substantially less culpable than that participant." *Id.* at 613. And the record contained evidence that Nichols frequently received and distributed

No. 16-11421

methamphetamine, understood the scope of the criminal activity, planned the criminal activity by locating sources of supply as well as customers, made the decisions in his distribution activities, and benefitted from the criminal activity. The district court's finding that Nichols was not entitled to a minor-participant reduction was not clearly erroneous. *See id.*

Finally, we review Nichols's presumptively reasonable guideline sentence for abuse of discretion. *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). Nichols has not demonstrated that his guideline sentence created an unwarranted sentencing disparity with respect to any similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6); *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). His remaining arguments amount to a mere disagreement with the district court's balance of the pertinent sentencing factors, which fails to rebut the presumption of reasonableness or to establish an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Jenkins*, 712 F.3d at 214.

AFFIRMED.