JAMES E. GRAVES, JR., Circuit Judge,
dissenting:
Application of the Section 2Dl.l(b)(12) enhancement in this case was error. As the majority aptly states, “the record reveals, at best, weak evidence that Rodriguez was using his family home as a ‘stash house.’ ” And even though the majority expresses skepticism that the enhancement was appropriate, it does not state that it was not. But as the majority readily admits, the enhancement is not automatic every time a defendant’s home is implicated in a drug crime. It does not apply where drug distribution is merely an “incidental or collateral” use[ ] for the premises. U.S.S.G. § 2Dl.l(b)(12) cmt. 17. That is all the evidence here establishes. The PSR establishes that drugs intended for distribution were present in the Rodriguez home on a single occasion.
The Government asks us to infer that Rodriguez used his home “primarily] or principally]” to store drugs because he was “a repeat drug dealer” who was found with a large amount of cash and a firearm in his home. The Government’s label of “repeat drug dealer” is not based on Rodriguez’s criminal history. In fact, the PSR indicates the “absence of any criminal convictions,” no arrests, no pending charges, nor any “other criminal conduct.” But even if Rodriguez had a criminal history, without additional evidence that Rodriguez stored drugs at his home on other occasions, the inference that he used his home primarily to store drugs is purely speculative. The addition of years of incarceration cannot be based on mere speculation. In my view, the court clearly erred by impos *230 ing the enhancement without sufficient evidence to support it.
I cannot agree with the majority that the error was harmless. It is the Government’s “heavy burden” to prove harmlessness. United States v. Ibarra-Luna, 628 F.3d 712, 717 (6th Cir. 2010). The Government carries this burden only if it “convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing.” Id. at 714; accord United States v. Richardson, 676 F.3d 491, 511 (6th Cir. 2012). In other words, the Government “must show that the ,.. sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation.” Ibarra-Luna, 628 F.3d at 719.
A district court’s incantation that ‘I would have applied the same sentence anyway’ does not satisfy this burden if the record does not support that statement. United States v. Martinez-Romero, 817 F.3d 917, 925-26 (6th Cir. 2016); United States v. Cardenas, 598 Fed.Appx. 264, 270 (5th Cir. 2015); United States v. Morales-Sanchez, 609 F.3d 637, 641 (5th Cir. 2010). Here, the record contains no evidence that the district court would have imposed the same sentence, for the same reasons, had it not erred.
Significantly, Rodriguez’s 77 month sentence represents an upward departure from the correctly calculated Guidelines range. Had the district court sustained his objection to the enhancement, Rodriguez’s Guidelines range would have been 57 to 71 months. To support a 77-month sentence, the district court would have been required to state in open court its “specific reason for the imposition of a sentence different from [the Guideline range].” 18 U.S.C. § 3553(c); see also Ibarra-Luna, 628 F.3d at 717 (a court must “clearly articulate” its reasons for departing from the Guidelines, including “why the range would not serve the goals listed in [18 U.S.C.] Section 3653(a)”). The district court’s reasons “must also be stated with specificity in [the] statement of reasons form” accompanying judgment. § 3553(c). Neither of these requirements were satisfied. This is reason enough to vacate and remand.
Further, looking at what the district court did say leads to the inescapable conclusion that its sentence was tethered to the incorrect Guidelines range. At sentencing, the district court stated its reasons for imposing a sentence in the middle of the Guidelines range it designated: 70 to 87 months. The court stated, “I have determined this level of sentencing after consulting with those guidelines and then considering the 3553 factors. In particular, I have considered the quantity of drugs involved in this case as well as the cash found as well as the other facts involved in the PSR.” It then continued,
I’ve compared those facts with what I consider to be very thoughtful letters from the defendant’s wife and mother and ... a well-articulated, expressed letter from his son. In balancing those facts with the 3553(a) factors, I believe this is the appropriate sentence in that it is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.
These statements neither explain nor justify an above-Guidelines sentence under the correctly calculated range of 57 to 71 months. Simply put, “there is no explanation for the sentence .,, that is not dependent on the erroneous” Guidelines range. Cardenas, 598 Fed.Appx. at 270; see also Martinez-Romero, 817 F.3d at 925-26; Morales-Sanchez, 609 F.3d at 642.
The Government has not met its burden of convincingly demonstrating harmless er *231 ror. Consequently, we are required to vacate Rodriguez’s sentence and remand for resentencing. Because we do not, I respectfully dissent.