# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2021

Lyle W. Cayce
Clerk

No. 19-11287
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

THOMAS JEFFERSON WILLIAMS, JR., *also known as* T-WILLS, *also known as* TWILL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-187-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Thomas Jefferson Williams, Jr., appeals the 240-month statutory maximum sentence imposed for his conviction of conspiracy to possess with intent to distribute a mixture and substance containing fentanyl. He argues

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11287

that the district court committed reversible plain error under U.S.S.G. § 4A1.2(c)(1) by assessing a criminal history point based on his 2008 Texas misdemeanor conviction. Plain error review applies because Williams did not object to the criminal history point in the district court. *See United States v. Nino-Carreon*, 910 F.3d 194, 196 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 148 (2019).

Regardless of whether there was any error that is clear or obvious, Williams has not satisfied his burden under plain error review because he has not demonstrated an effect on his substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). Without the criminal history point, Williams's criminal history category would have been I instead of II. In combination with his total offense level of 41, a criminal history category of I would have corresponded to a guidelines imprisonment range of 324 to 405 months, whereas a criminal history category of II corresponded to a guidelines imprisonment range of 360 months to life. *See* U.S.S.G. Ch. 5, Pt. 5A (Sentencing Table).

However, because the statutory maximum for Williams's offense was 20 years of imprisonment, his guidelines sentence would have been 240 months of imprisonment pursuant to U.S.S.G. § 5G1.1(a) even if the 2008 conviction had been excluded from his criminal history calculation. *See* 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1), (b)(1)(C); U.S.S.G. § 5G1.1(a). At sentencing, the district court explicitly recognized that the advisory guidelines sentence was 240 months of imprisonment. Thus, contrary to Williams's argument, the district court did not apply an incorrect guidelines range. *See United States v. Ramos*, 739 F.3d 250, 253-54 (5th Cir. 2014).

Additionally, the fact that the district court found it unnecessary to fully decide whether there was a basis for denying acceptance-of-responsibility credit under U.S.S.G. § 3E1.1 shows that the guidelines range

produced by Williams's total offense level and criminal history category before the application of § 5G1.1(a) was inconsequential and was not the "beginning point" for the district court's sentencing decision. *Molina-Martinez*, 136 S. Ct. at 1345 (internal quotation marks and citation omitted). The district court's comments at sentencing show that its selection of the sentence was not based on an erroneous criminal history score or guidelines range and instead was driven by the belief that the statutory maximum was the appropriate sentence. *See United States v. Sanchez-Hernandez*, 931 F.3d 408, 411-12 (5th Cir. 2019); *see also Ramos*, 739 F.3d at 253-54.

AFFIRMED.