# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50182
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Uriel Ignacio Cabral-Aleman,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-703-1

---

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Uriel Ignacio Cabral-Aleman appeals the district court's imposition of a two-level sentence enhancement for obstruction of justice pursuant to United States Sentencing Guideline § 3C1.1. The district court applied the enhancement because during his arrest, Cabral-Aleman (1) broke his cell

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

phone in half and then attempted to conceal it in the waistband of his pants, and (2) attempted to strike an arresting federal agent.

On appeal, Cabral-Aleman presents two arguments in support of his contention that the district court erred when it applied the § 3C1.1 enhancement. First, he did not have the required intent to obstruct justice when he attempted to strike the federal agent. Second, the destruction of his cell phone contemporaneously with his arrest did not result in a material hinderance to the investigation. He concedes that review is limited to plain error because he did not object to the enhancement.

To demonstrate plain error, Cabral-Aleman must show that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; and (3) the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court will exercise its discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Under the Sentencing Guidelines, a defendant's offense level is increased by two levels if he (1) "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." § 3C1.1. Because Cabral-Aleman destroyed his cell phone contemporaneously with his arrest, its destruction alone is insufficient "to warrant an adjustment for obstruction unless it resulted in a material hinderance to the official investigation or prosecution of the instant offense or the sentencing of the offender." § 3C1.1, comment. (n.4(D)). A material hinderance "requires, at the least, an actual, negative effect on either the

course or result of the investigation." *United States v. Morales-Sanchez*, 609 F.3d 637, 641 (5th Cir. 2010).

Cabral-Aleman's challenge to the imposition of the enhancement based on his destruction of his cell phone is unavailing. The record reflects that (1) federal agents continued their investigation after arresting Cabral-Aleman, and (2) by breaking his cell phone in half, Cabral-Aleman destroyed any evidence contained within it that could have been used in the investigation of the offense. In light of the facts set forth in the presentence report and reasonable inferences from those facts, *see United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006), he fails to demonstrate that any error was clear or obvious, *see Puckett*, 556 U.S. at 135. While Cabral-Aleman need not show that his specific challenge has been addressed in a prior decision, he "must at least show error in the straightforward applications of existing cases." *United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022) (internal quotation marks and citation omitted).

Accordingly, we AFFIRM the district court's imposition of a two-level sentence enhancement for obstruction of justice pursuant to § 3C1.1 based on Cabral-Aleman's intentional destruction of his cell phone. As such, we need not address Cabral-Aleman's argument that he did not have the required intent to obstruct justice when he attempted to strike a federal agent.